UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

**GLORIA VOLKERTS,**
        **- Plaintiff**

    **v.**                              **CIVIL NO. 3:03-CV-01471(CFD)(TPS)**

**SOCIAL SECURITY ADMINISTRATION,**
        **- Defendant**

---

## RECOMMENDED RULING

The plaintiff, Gloria Volkerts, brings this appeal under 42 U.S.C. § 405(g)(2000) seeking review of a final decision by the Commissioner of the Social Security Administration ("SSA") denying her application for disabled widow's benefits under 42 U.S.C. § 402(e). **(Dkt. #1)**. The plaintiff has moved for an order reversing the Commissioner's decision or, in the alternative, for an order remanding her case back to the SSA for further proceedings (**Dkt. #17**) and the defendant has moved for an order affirming her decision. (**Dkt. #20**). For the reasons stated below, the plaintiff's motion for remand **(Dkt. #17)** should be **GRANTED**. The parties' competing motions for judgment **(Dkts. #17, 20)** should be **DENIED**. 28 U.S.C. § 636 (b)(1)(A).

-1-

**I. Statement of Facts**

On November 14, 2000 the plaintiff filed a claim for disabled widow's benefits. (Tr. 103-05.) After several levels of administrative appeal, her claim was ultimately denied by Administrative Law Judge ("ALJ") Ronald J. Thomas on March 26, 2003. (Tr. 9-17.) The plaintiff appeals the ALJ's decision to this court.

Plaintiff's claim for disabled widow's benefits relies almost exclusively on her diagnosed mental impairments, particularly bi-polar disorder and post-traumatic stress disorder. (See Tr. 14, 45.) In this appeal plaintiff's counsel alleges no exertional impairments. Therefore, the issue is whether the plaintiff's non-exertional mental impairments render her disabled.

The ALJ found that plaintiff's prescribed period of benefits began in October 1986 and ended in October 1993. (Tr. 13.) Therefore, unlike most disability cases, the issue is not whether Ms. Vokerts is currently disabled, but whether she was disabled between October 1986 and October 1993. The ALJ determined that the plaintiff was not disabled prior to October 1993 and assigned her a residual functional capacity for heavy work. (Tr. 17). Further, the ALJ determined that plaintiff's testimony at the hearing was only partially credible.

**II. Discussion**

In reviewing a decision of the [Commissioner] under § 405(g), the district court performs an appellate function. Zambrana v. Califano, 651 F.2d 842, 844 (2d Cir. 1981); Igonia v. Califano, 568

F.2d 1383, 1387 (D.C. Cir. 1977.)  A reviewing court will "set aside the ALJ's decision only where it is based upon legal error or is not supported by substantial evidence." Balsamo v. Chater, 142 F.3d 75, 79 (2d Cir. 1998.)  See also Alston v. Sullivan, 904 F.2d 122, 126 (2d Cir. 1990)("As a general matter, when we review a decision denying benefits under the Act, we must regard the [Commissioner's] factual determinations as conclusive unless they are unsupported by substantial evidence")(citations omitted.)  Here, the court finds that the ALJ's conclusions are not supported by substantial evidence.

**A.**

In his "Findings" the ALJ concluded, "The undersigned finds the claimant's allegations regarding her limitations prior to October 1993 are not totally credible due to the lack of medical evidence supporting these allegations." (Tr. 16.)  However, this conclusory statement is supported by no evidence and no analysis.  For instance, the ALJ does not discuss specifically what evidence contradicts Ms. Volkert's testimony.  To be given conclusive effect, an ALJ's determination of credibility must "be set forth with sufficient specificity to permit intelligible plenary review of the record." Williams ex rel. Williams v. Bowen, 859 F.2d 255, 261 (2d Cir. 1988) (citing Carroll v. Sec'y of Health & Human Servs., 705 F. 2d 638, 643 (2d Cir. 1983).  Because the ALJ made no effort to point to specific evidence in the record to support his credibility conclusion, this case must be remanded.

The plaintiff essentially contends that she is unable to work because of her memory problems and inability to focus.  The ALJ failed to articulate the evidence that contradicts this assertion.  While the pre-October 1993 medical evidence is not abundantly elabroative, it does show multiple reports documenting complaints of symptoms and treatment plans related to plaintiff's bi-polar disorder.  (Tr. 156, 155,154, 153,148, 146, 143.)  Further, a consultative evaluation was completed by Dr. Robert Hamm in 2002.  This evaluation concluded Ms. Volkerts had a moderate inability to understand, remember and carry out simple instructions.  (Tr. 686.)  The evaluation further concluded that she had a "marked" inability to understand, remember and carry out detailed instructions as well as make judgments on simple work-related decisions.  (Id.)  Dr. Hamm noted that plaintiff's limitations appeared to be the product of long-term impairments, indicating that the doctor believed they may have existed in 1993.  (Tr. 683.)

The ALJ failed to show how this evidence discredits Ms. Volkerts.  While the ALJ makes the ultimate determination on credibility, he must support his assessment with evidence in the record.  The ALJ cannot simply conclude that because her doctors failed to elaborate on her impairments that her testimony was therefore not credible.  On the contrary, the ALJ must point to affirmative pieces of evidence, not simply the absence of evidence, to support his determination.

**B.**

This case must also be remanded because the ALJ failed to focus on the relevant issue at the original hearing. Social Security Disability Hearings are not an adversarial process and, therefore, the ALJ is under a duty to ensure that all relevant facts are sufficiently developed and considered. Decker v. Harris, 647 F.2d 291, 298 (2d Cir. 1981). The presence of counsel, as was the case here, does not eliminate this duty. The parties concede that Ms. Volkerts is eligible for benefits only for the period between October 1986 and October 1993. (See Tr. 13; Pl's Mem. Supp. Mot., at 4; Def's Mem. Supp. Mot., at 6.) As a consequence, the hearing should have focused on the claimant's disability during her period of eligibility. However, very little of the hearing actually addresses this issue. Instead, the majority of the hearing focused on Ms. Volkerts' seizures which did not occur until 1994.

The transcript clearly shows that the plaintiff was significantly confused, nervous and lacked a clear memory. She required guidance to focus her testimony on the ultimate issue. Instead, both the ALJ and plaintiff's attorney confused the issue, focusing their questions on such things as her seizures and her current ability to do daily activities. Because the seizures occurred after her prescribed period they are completely irrelevant.[1]

---

[1] The issue of the claimant's seizures is irrelevant so far as they occurred after October 1993. Of course, if the claimant can show that the seizures actually occurred earlier then they become

Further, her current ability to do perform daily activities is relevant only to the extent her abilities approximate her situation prior to October 1993. On remand, the hearing should primarily focus on Ms. Volkerts' physical and mental impairments as they existed within her prescribed period.

## C.

Finally, on remand the ALJ should more closely consider the reports of Dr. Tjerendsen (Tr. 675-77) and Dr. Hamm (Tr. 681-87). Ideally, the record after remand should indicate the retroactive applicability of these reports. At the hearing, the vocational expert used Dr. Tjerendsen's report and determined that a person with the claimant's current limitations, as described by Dr. Tjerendsen[2], was unemployable. (Tr. 56-57). What is missing is evidence regarding how the plaintiff's current mental state compares with her mental state in 1993. Dr. Hamm's report indicates that Ms.

---

relevant. That the seizures may have occurred earlier is conceivable considering they stem from an assault that occurred on May 2, 1993 – five months before her eligibility ended. (See 29, 670-71.)

[2] Dr. Hamm's report appears to corroborate nearly all of Dr. Tjerendsen's report. In fact, Dr. Hamm's report is somewhat more comprehensive in that it gives a five page narrative outlining the results of physcological testing run on Ms. Volkerts and the Doctor's opinion. The narrative exhibits a significant concern regarding Ms. Volkerts' ability to interact with co-workers and cope with the stress of a work enviornment. What gives weight to Dr. Hamm's report, and its corroborative effect on Dr. Tjerendsen's report, is that the Social Security Administration, not plaintiff's lawyer, requested Dr. Hamm to evaluate Ms. Volkerts. (See Tr. 681-87.)

Volkerts' mental condition must be the result of "long term" mental health problems.  Whether "long term" dates back to 1993 is unclear.  On remand it is important to know whether these doctors or other mental health experts have opinions on the relevance of Ms. Volkerts' current mental impairments in relation to her impairments as they existed in 1993.

## IV. Conclusion

Because of the deficiencies in the record the court cannot affirm the ALJ's decision.  Therefore, the plaintiff's motion for remand **(Dkt. #17)** should be **GRANTED**.  The parties' competing motions for judgment **(Dkts. #17, 20)** should be **DENIED**.  28 U.S.C. § 636(b)(1)(A).

The parties may timely seek review of this recommended ruling in accordance with Rule 72(b) of the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 72(b).  Failure to do so may bar further review.  28 U.S.C. § 636(b)(1)(B); Small v. Sec'y of Health & Human Servs., 892 F.2d 15, 16 (2d Cir. 1989).

**Dated at Hartford, Connecticut this 29th day of September, 2005.**

>                    /s/ Thomas P. Smith
>                    **THOMAS P. SMITH**
>                    **UNITED STATES MAGISTRATE JUDGE**